Crystal **PICKREL**, Plaintiff–Appellant,

v.

**CITY OF SPRINGFIELD, ILLINOIS,
David Dyer, and McGraw Enterprises,
Inc., Defendants–Appellees.**

No. 94–2425.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 26, 1994.

Decided Jan. 23, 1995.

---

4. The interrogatory answer also listed other   items of no relevance to this appeal.

W. Scott Hanken (argued) Long, Morris, Myers & Rabin, Springfield, IL, for plaintiff-appellant Crystal Pickrel.

Theodore R. Schullian (argued), James K. Zerkle, Office of Corp. Counsel, Springfield, IL, for defendants-appellees City of Springfield, David Dyer.

Ron Scharf, Litchfield, IL, for defendant-appellee McGraw Enterprises, Inc.

Before FLAUM and KANNE, Circuit Judges, and WILL, District Judge.*

KANNE, Circuit Judge.

David Dyer, a Springfield, Illinois police officer also employed as a private security guard, arrested Crystal Pickrel following an altercation he had with her at a restaurant. After charges against her were dismissed, Pickrel sued Dyer, his public employer (the City of Springfield), and his private employer (McGraw Enterprises). Two of Pickrel's twelve claims were federal claims under 42 U.S.C. § 1983 against Dyer and the City for Dyer's alleged violations of Pickrel's civil rights. The district court dismissed Pickrel's two federal claims under FED.R.CIV.P. 12(b)(6) and remanded the remaining ten state claims to state court. Pickrel appeals the dismissal of her federal claims; we re-nation.

---

* The Honorable Hubert L. Will, District Judge for the Northern District of Illinois, sitting by desig-

verse the district court's dismissal and its remand of Pickrel's state law claims.

## I. Background

Because the district court dismissed Pickrel's federal claims on the pleadings, the defendants have had little chance to present their version of the facts. However, when we review the granting of a defendant's 12(b)(6) motion, we accept as true all the plaintiff's well-pleaded factual allegations, as well as all inferences reasonably drawn from them. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520–21 (7th Cir.1990).

On January 10, 1992, Pickrel, together with her father, went to a McDonald's restaurant in Springfield. The restaurant had hired McGraw Enterprises to provide a private security guard; Dyer was the guard McGraw Enterprises supplied that day. The City of Springfield also employed Dyer as a full-time police officer. Dyer had parked his marked squad car outside the restaurant and he was inside the restaurant. He was wearing his Springfield police uniform, complete with badge and gun.

Pickrel and her father sat down at a booth. Dyer came over to them and told them to leave, threatening to arrest them if they stayed. Apparently this was the continuation of a long-running dispute, although it is not clear from what the dispute sprang. Pickrel refused to obey; Dyer told her to stand up and said she was under arrest. When she did not immediately comply, Dyer stood her up with an "arm-bar" hold, pulled her out of the booth, and threw her to the ground. Dyer then arrested Pickrel and put her in handcuffs. Other police officers arrived and arrested Pickrel's father as well. The officers put both of them in squad cars and took them to the county jail, where they charged Pickrel with criminal trespass to property, resisting a peace officer, and obstructing a peace officer.

On January 14, 1992, all charges against Pickrel were dismissed. In January 1994, Pickrel filed a twelve count complaint in Illinois state court against Dyer, the City of Springfield, and McGraw Enterprises. Two counts of Pickrel's twelve count complaint asked for damages under 42 U.S.C. § 1983, for alleged constitutional violations made under color of state law. Pickrel's other ten counts asked for damages from Dyer and McGraw Enterprises for violations of various state laws. The defendants promptly removed the entire action to federal court.

Dyer and the City of Springfield moved to dismiss several counts of Pickrel's complaint under FED.R.CIV.P. 12(b)(6), for failure to state a claim upon which relief could be granted. Dyer asked only that various state law claims be dismissed, mainly as time barred by an Illinois statute. He did not ask the district court to dismiss Pickrel's § 1983 claim against him. The City, however, did ask the district court to dismiss Pickrel's § 1983 claim against it, as inadequately alleging a policy or custom of the City that had led to the alleged constitutional violations.

The district court partially granted the motion to dismiss, although not on the grounds the defendants argued. Rather, the district court reasoned:

> Although Defendant Dyer was wearing his city police uniform, he was off duty and working as a security officer for Defendant McGraw Enterprises when, in the course of his employment as a security guard, he arrested the Plaintiff. It was a city policy that police officers could use their uniforms and squad cars when working on or off duty security jobs. It is also well known that private security guards may make arrests. [Citations omitted.] Therefore, it appears that Defendant Dyer arrested the Plaintiff in his capacity as a security guard, and not as a city police officer, since he was then off duty.

The court further explained this reasoning when denying a Rule 59(e) motion to alter its judgment of dismissal:

> [U]nder the facts alleged in the present complaint, Defendant Dyer could only have been proceeding in the interest of McGraw Enterprises when he arrested the Plaintiff for criminal trespass.... As a result, Defendant Dyer was not acting under color of state law, and the Plaintiff may not sustain a cause of action against Mr. Dyer for a violation of the Fourth Amendment under 42 U.S.C. § 1983.

On this reasoning, the district court dismissed both § 1983 counts and remanded the remaining ten counts to state court. Pickrel moved to alter the judgment under Rule

59(e), but the district court denied the motion.[1]

## II. Analysis

Our review of the district court's 12(b)(6) dismissal is, of course, *de novo. Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir.1990). We will affirm the district court's 12(b)(6) dismissal only if we find that Pickrel has failed to allege any set of facts upon which relief may be granted. *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir.1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

For Pickrel to recover under 42 U.S.C. § 1983, Dyer must have acted "under color of state law" to deprive Pickrel of some federally guaranteed right. *Hughes v. Meyer,* 880 F.2d 967, 971 (7th Cir.1989), *cert. denied,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990). The district court's rationale in dismissing Pickrel's § 1983 claims amounts to the proposition that because Dyer was not on-duty at his primary job of police officer, but was instead working for another employer, he necessarily could not have been acting under color of state law. However, that rationale only skims the surface of the necessary inquiry. *See Gibson,* 910 F.2d at 1516 n. 10 (collecting cases, including those involving whether off-duty officer acted under color of state law); *Revene v. Charles County Comm'r,* 882 F.2d 870 (4th Cir.1989) (reversing 12(b)(6) dismissal because plaintiff adequately alleged facts that might enable her to prove that off-duty officer out of uniform and in private car acted under color of state law); *Greco v. Guss,* 775 F.2d 161, 168 (7th Cir.1985) ("[A police offi-

cer's] being off-duty does not preclude him from acting under color of state law."); *Davis v. Murphy,* 559 F.2d 1098, 1101 (7th Cir.1977) (finding that off-duty officers acted under color of state law).

Deciding whether a police officer acted under color of state law should turn largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties. *Stengel v. Belcher,* 522 F.2d 438, 441 (6th Cir.1975), *cert. dismissed,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976); *see generally* Elaine K. Zipp, Annotation, *Actions of Off-Duty Policeman Acting as Private Security Guard as Actions "Under Color of State Law" Actionable Under Civil Rights Act of 1871 (42 USCS § 1983),* 56 A.L.R.Fed. 895 (1982). It is inadequate to simply conclude that any off-duty officer also employed by a private entity could not have been acting under color of state law.

Under the facts Pickrel alleges, Dyer could have been acting under color of state law. Pickrel says that Dyer was wearing his police uniform and displaying his badge, both signs of state authority. He was wearing his gun, enabling him to enforce his authority. His marked squad car was parked just outside, advertising the presence of a police officer to patrons of the restaurant. Dyer arrested Pickrel and charged her with, among other things, resisting a peace officer. Other courts have found that similar allegations support a § 1983 claim. *See, e.g., Lusby v. T.G. & Y. Stores,* 749 F.2d 1423 (10th Cir. 1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985) (holding that off-duty police officer, who was working as a private security guard and who was not wearing his police uniform, acted under color of state law when he flashed his police badge at alleged shoplifter during arrest and called other police officers to assist in arrest and transport to jail); *Traver v. Meshiry,* 627 F.2d 934 (9th Cir.1980) (finding that off-duty police officer working as private security guard acted un-

---

1. In its order dismissing Pickrel's two § 1983 counts, the district court mentioned in passing that, although it was not necessary for its decision, it thought that Pickrel had adequately alleged a policy or custom of the City that had led to the alleged constitutional violations, as required by *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

611 (1978). However, in its order denying Pickrel's 59(e) motion, the district court commented that it thought Pickrel had not satisfied *Monell.* On appeal neither party has further addressed *Monell:* they have confined their argument to whether Dyer could have acted under color of state law. Under the circumstances, we decline to address and decide the issue ourselves.

der color of state law in detaining suspected wrongdoer); *Hanson v. Larkin,* 605 F.Supp. 1020 (D.Minn.1985) (off-duty officer was acting under color of state law simply because he was wearing his police uniform).

The defendants argue that for § 1983 purposes a plaintiff may not allege that a police officer "wore two hats." They say that Pickrel logically cannot claim that Dyer was simultaneously acting in his private capacity and acting under color of state law. But plaintiffs may plead in the alternative, *see* FED.R.CIV.P. 8(e)(2), and that is what Pickrel did. At this stage complete internal consistency of claims is just not required.

Defendants' fallback position is that *Askew v. Bloemker,* 548 F.2d 673 (7th Cir.1976), precludes § 1983 claims against an individual "wearing two hats." *Askew* bears little similarity to Pickrel's case, however, and defendants misconstrue what similarity exists. In *Askew,* a federal agency orchestrated a drug raid, in which some of the agents employed by the federal agency were secondarily employed as state agents. We upheld the district court's grant of summary judgment on § 1983 claims for the state defendants, finding that the agents were all acting under color of federal law, rather than state law. The exclusively federal character of the raid dictated this result, even though one of the federal agents showed his state identification during the raid, instead of his federal identification. In *Askew,* we did not hold that individuals who had "dual status," in that they were employed both by a state and by another entity, could never act under color of state law. Rather, we found that the circumstances showed that those particular state employees had not acted under color of state law. It may indeed be that Dyer was not acting under color of state law. But that remains to be seen, because Pickrel sufficiently alleges facts to allow her to try further to prove that Dyer did act under color of state law.

It may be appropriate at some later stage for the district court to examine the evidence then before it and make a fresh decision. Courts have found various factors, some not specifically mentioned in Pickrel's pleadings, important in deciding whether an off-duty police officer was acting under color of state law. For example, Springfield may have had a local ordinance providing that Dyer was to act as a police officer all the time, even if not actively assigned to police duties at a particular moment. *See Revene,* 882 F.2d at 873 (finding such an ordinance crucial to a determination that an off-duty police officer acted under color of state law). It might also be relevant if, for example, Dyer identified himself as a security guard for McDonald's. Discovery may expand the information available for a decision, though ultimately the facts developed may have to go before a jury, *see Layne v. Sampley,* 627 F.2d 12, 13 (6th Cir.1980). But for our purposes, viewing Pickrel's allegation in a light favorable to her, we conclude she might be able to prove that Dyer was indeed acting under color of state law. That is all Rule 12(b)(6) requires, and therefore the district court erred in dismissing Pickrel's claims. We REVERSE the district court's dismissal of Pickrel's two federal claims, and we also REVERSE the district court's remand of Pickrel's ten state counts to state court.