59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Roy Xavier RODDY, Plaintiff-Appellant,
v.
Daniel R. McBRIDE, Marcia Metzcus, Walter Cisela, et al.,
Defendants-Appellees.
 No. 93-4063.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided June 23, 1995.
 
 Before Pell, Manion and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Roy Xavier Roddy, an inmate at Westville Correctional Institution, filed an action under 42 U.S.C. Sec. 1983 arguing two claims: (a) prison officials refused to schedule an appointment with an eye specialist causing his eyesight to deteriorate and (b) prison officials terminated his prison job because of variances in his religious beliefs in violation of the First and Fourteenth Amendments.
 
 
 2
 We review a dismissal pursuant to Rule 12 (b) (6) de novo, accepting the factual allegations of the complaint as true and viewing the allegations in the light most favorable to the non-moving party. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176 (1980); Pickrel v. City of Springfield, 45 F.3d 1115, 1118 (7th Cir. 1995). Because Roddy is proceeding pro se, we will read his complaint liberally and will not affirm the dismissal for failure to state a claim unless it appears beyond doubt that Roddy cannot prove facts necessary to entitle him to relief. Hughes, 449 U.S. at 10, 101 S. Ct. at 176; Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir. 1994).
 
 
 3
 The first claim arose in May, 1992 when Roddy complained of blurred vision and pain. An eye screening test performed in August determined that Roddy's vision was 20/20. Roddy argued to prison officials that the test was inconclusive but the prison officials refused Roddy's subsequent requests for a full eye examination. When Roddy had a complete physical examination in August, 1993, the doctor determined that Roddy's vision had deteriorated to 18/58 and that Roddy required bi-focal eyeglasses. Roddy alleged that prison officials exhibited a deliberate indifference towards Roddy's medical condition. On a motion to dismiss, the district court determined that Roddy failed to set forth facts from which the court could infer deliberate indifference.
 
 
 4
 To establish a claim under 42 U.S.C. Sec. 1983 that prison officials violated the Eighth Amendment, Roddy must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hudson v. McMillan, 112 S. Ct. 995, 1000 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial, demonstrating a wanton infliction of unnecessary pain. Inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106; Del Raine v. Williford, 32 F.3d 1024, 1031-32 (7th Cir. 1994).
 
 
 5
 Roddy's allegations are insufficient to show that the prison officials acted with deliberate indifference. He received an eye screening test in August following his first complaints of eye troubles. This test indicated that he did not require further treatment. Negligent administration of this exam or diagnosis of Roddy's condition does not constitute cruel and unusual punishment. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994). Further, the deterioration of Roddy's eyesight was not a serious medical need demanding immediate attention.
 
 
 6
 Roddy's second claim alleges that prison officials attempted to institute changes in the prisoners' religious programs. As the Chapel Clerk, Roddy opposed the changes because he believed they were contrary to his Christian beliefs. Roddy alleged that in retaliation for his religious stand, prison officials slandered him, submitted reports which evaluated his job performance as poor, and then fired him. The district court dismissed Roddy's claim finding that because Roddy had no property or liberty interest in a prison job, Roddy had no right to redress. The district court did not address the First Amendment ramifications of Roddy's dismissal.
 
 
 7
 To invoke the protection established under 42 U.S.C. Sec. 1983, a litigant must first establish the existence of a liberty or property interest. Kellas v. Lane, 923 F.2d 492, 494 (7th Cir. 1991). Though a prisoner does not have a property or liberty interest in retaining a particular prison job, see Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir. 1991) (en banc), cert. denied, 503 U.S. 961 (1992), he does have a right to reasonable opportunities to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty. Cruz v. Beto, 405 U.S. 319, 322 n.2, 92 S. Ct. 1079, 1082 n.2 (1972); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987). "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir. 1987) (quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir. 1978), cert. denied, 440 U.S. 916 (1979)).
 
 
 8
 Thus, if, as the complaint seems to allege and on a motion to dismiss we must assume is true, prison officials retaliated against Roddy because of Roddy's religious opinions, then the prison violated Roddy's constitutional right. The case is too underdeveloped to determine whether Roddy can set forth specific facts showing there is a genuine issue for trial to survive summary judgment. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). However, that is not the issue. The issue is whether Roddy is entitled to offer evidence in support of his claim, even if it appears on the face of the pleadings that a recovery is very remote and unlikely. Pickrel, 45 F.3d at 1118 (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). We therefore find that the district court erred by dismissing Roddy's claim for firing Roddy allegedly in retaliation for Roddy's exercise of his religious freedom.
 
 
 9
 Because we reverse and remand on Roddy's second claim, Roddy's remaining claims on appeal regarding discovery and the appointment of counsel are presently moot.
 
 
 10
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 11
 PELL, Circuit Judge, dissenting.
 
 
 12
 Being of the opinion, after a careful examination of the briefs, the orders of the district court, and the order of the majority of the present panel, that the district court correctly decided this case, I dissent.
 
 
 13
 Upon the original examination of the documents before us, it appeared that the primary thrust of Roddy's complaint was based on an alleged lack of sufficient medical attention. That feature of the case has been correctly decided by the majority but now center stage is occupied by Roddy's complaint that his dismissal from his prison job many have been an unconstitutional interference with his right of religious freedom guaranteed by the First and Fourteenth Amendments.
 
 
 14
 As the facts appear to me, the basis of his claim is not an interference with his personal right of religious freedom but an interference with his objections to how the prison authorities conducted its religious programs for other inmates. If he had been simply one of the participants whose rights of freedom of religious exercise was unduly curtailed, in view of the fact that this was involved in a prison complex, the result might have been different but here Roddy was acting as a chaplain clerk and to that extent he was a functionary in one of the programs in the prison complex.
 
 
 15
 I think the appellees correctly analyze the situation when they state that the essence of Roddy's allegations is that he was denied due process and a property or liberty interest when he was removed from his job at the chapel. Because he does not have a property or liberty interest in his job his complaint was properly dismissed.
 
 
 16
 The appellees assert, and I have no reason for doubting it, in Indiana there is no right for a prison inmate to have a job at all and that while the Department of Corrections is permitted by law to compel an inmate to work, the particular job assignment remains within the sole discretion of the Department and prison officials. (Ind. Code Sec. 11-10-6-3).
 
 
 17
 Wallace v. Robinson, 940 F.2d 243 (7th Cir. 1991) (en banc) is instructive. In that Illinois case, prison officials changed Wallace's job assignment from the tailer shop to a job as a clerk. Wallace's primary complaints were that the reassignment to a less desirable job was based on improper motives of the prison officials and that he was denied due process. In Wallace, as in the instant case, the offender alleged that "if the prison's motive was disciplinary, the transfer deprived him of liberty or property without due process of law." Wallace, 940 F.2d at 245. This court en banc, determined that motive is irrelevant because a prisoner does not have a property or liberty interest in their job assignment. See also, Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983), and Flittie v. Solem, 827 F.2d 276 (8th Cir. 1987).
 
 
 18
 In the present case an ordinary prisoner might have had a constitutional right to lodge a complaint if there in fact was interference with his or her right to practice religious beliefs but Roddy as a functionary had no right while in that position to interfere with the prison authorities determination of the manner in which the chapel proceedings should be conducted.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record