**Ponciano S. ANGARA, Plaintiff,**

v.

**CITY OF CHICAGO, a municipal corporation, Alexander Vroustouris, individually and as Inspector General of the City of Chicago; Teresita B. Sagun, individually and as Commissioner of Department of Sewers of the City of Chicago; Michael Spagnola and James Sullivan, individually and as employees of the Office of Inspector General of the City of Chicago; and John Doe(s), and Jane Doe(s) individually and as employees of the Office of the Inspector General of the City of Chicago, Defendants.**

No. 94 C 5199.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 12, 1996.

defendant City of Chicago back into this action.

Barry C. Kessler, Brian R. Carnie, Kessler Smith & Powen, Chicago, IL, for Plaintiff.

Thaddeus S. Machnik, Shelly R. Remen, Assistants to Corporation Council, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.

Plaintiff Ponciano S. Angara ("Angara") has filed a Motion For Leave To File a Second Amended Complaint seeking to add the City of Chicago as a defendant under 42 U.S.C. § 1983. The parties agreed that to expedite consideration, the motion would be treated pursuant to the Fed.R.Civ.P. 12(b)(6) standard rather than the Fed.R.Civ.P. 15(a) standard. For the reasons stated below, the Court finds that Angara has alleged sufficient facts to state a cause of action and his Motion For Leave To File a Second Amended Complaint is granted and Defendant's response, which is treated as a Rule 12(b)(6) Motion to Dismiss, is denied.

### I. PROCEDURAL POSTURE

On July 20, 1995, Judge Alesia entered a Memorandum Opinion and Order dismissing in part and granting in part defendants' motion to dismiss the plaintiff's first amended complaint. *See Angara v. City of Chicago,* 897 F.Supp. 355 (N.D.Ill.1995). The Court held in relevant part that:

Plaintiff's § 1983 claims under the Fifth and Fourteenth Amendments are dismissed with prejudice. Plaintiff's § 1983 claim under the Fourth Amendment and the false imprisonment claim under state law remain. Defendant City of Chicago cannot be held liable under § 1983. Plaintiff's request for punitive damages against the City and the individual defendants in their official capacity is stricken.

*Angara v. City of Chicago,* 897 F.Supp. 355, 361 (N.D.Ill.1995). Plaintiff's second amended complaint is directed solely at bringing

### II. MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss under Fed.R.Civ.P. ("Rule") 12(b)(6), the Court accepts as true all well-pleaded facts and it draws all reasonable inferences in the light most favorable to the plaintiff. *Sherwin Manor Nursing Ctr. Inc. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994); *Dehainaut v. Pena,* 32 F.3d 1066, 1070 (7th Cir.1994). The issue on such a motion is not whether a plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claim. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir.1995). Complaints are to be read liberally, and the court may grant the motion only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Thompson v. Boggs,* 33 F.3d 847, 852 (7th Cir.1994).

### III. DISCUSSION

Plaintiff's second amended complaint alleges that defendant City of Chicago is liable for the violation of Plaintiff's constitutional rights because the City of Chicago acquiesced and approved of alleged unconstitutional conduct of the Inspector General's office in conducting investigations and the Inspector General was vested with final decision making authority in the area concerning the investigation of alleged employee misconduct. Not surprisingly, the City argues that neither did it acquiesce or approve of any unconstitutional actions nor did the Inspector General have final decision making authority.

Plaintiff alleges that several deputies of the Inspector General's office arrived at his place of employment and ordered him into a vehicle which transported Plaintiff to a building located at 1224 West Van Buren, Chicago. (Pl.Comp.¶ 12). Upon arriving at the building, Plaintiff was placed into a room with no windows where he was detained for several hours. *Id.* Plaintiff was instructed to wait in the room and at least one individual

was stationed outside the room to ensure that plaintiff did not attempt to leave. *Id.* Also, when Plaintiff made use of the restroom facilities he was accompanied by an escort. *Id.* Finally, Plaintiff was neither given his *Miranda* rights nor apprised of the reason for his detention. *Id.*

Plaintiff makes several allegations with respect to the issue of whether the City was apprised of or acquiesced to the alleged unconstitutional conduct. Plaintiff alleges that the City was aware of the Inspector General's methods for conducting investigations because on at least two previous occasions similar methods were used to investigate employees in the City's Streets and Sanitation Department and the City Bridge tenders. (Pl.Comp.¶¶ 24, 27). Plaintiff also alleges that the City was apprised of the Inspector General's investigative methods because the City settled an action filed in this Court with several employees from the City Streets and Sanitation Department relating to the conduct of the Inspector General. (Pl.Comp. ¶¶ 25–27). Plaintiff's allegation that the Inspector General is vested with final decision making authority relies on the ordinance which created the office. (Pa.Comp.¶ 5).

### A. Municipal Liability Under Section 1983

Recovery from a municipality is "limited to acts that are, properly speaking, 'acts of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). To plead a § 1983 claim against the City of Chicago, plaintiff must allege: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that constitutional injury was caused by a person with final policy making authority." *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir.1995). Plaintiff does not allege that the City promulgated an express policy which when enforced causes a constitutional deprivation. Rather, Plaintiff

alleges that the City was apprised of and acquiesced to the manner in which the Inspector General conducted investigations into employee misconduct. Plaintiff alleges that the investigation of the Streets and Sanitation and City Bridge tenders employees apprised the City of Inspector Vroustouris' methods for conducting investigations. Also, Plaintiff alleges the settlement by the City of the action commenced in this Court apprised the City of the Inspector's actions. Thus, Plaintiff alleges that the City's alleged knowledge establishes a custom, policy or practice of the City of Chicago. Plaintiff also alleges that defendant City of Chicago vested the Inspector General with final decision making authority with regard to the investigations involving allegations of employee misconduct. The Court will address each allegation in turn.

### B. Custom, Policy or Practice

[ ] The Court finds that Plaintiff has sufficiently alleged a custom, policy or practice relating to the manner in which investigations were conducted by Inspector General Vroustouris. "A practice of unconstitutional conduct, although lacking formal approval, may provide a basis for municipal liability if the plaintiff can establish that the policymaking authority acquiesced in a pattern of unconstitutional conduct." *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 511 (7th Cir.1993). Also, "[c]ustom and usage by municipal employees and agents may be attributed to a municipality when the duration and frequency of the practices are sufficiently widespread so as to give rise to an inference of actual or constructive knowledge on the part of the municipality." *Spell v. McDaniel,* 824 F.2d 1380, 1387 (4th Cir.1987), *cert. denied sub. nom. City of Fayetteville v. Spell,* 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988).

Plaintiff alleges that the City was apprised of and acquiesced to the manner in which the Inspector General conducted investigations into employee misconduct. Plaintiff alleges that the Inspector General engaged in unconstitutional conduct similar to the type being complained of in this action on at least two prior investigations. The first investigation

concerned conduct of employees in the Department of Streets and Sanitation. The second investigation concerned conduct of employees working as City Bridge Tenders. Plaintiff alleges that these employees were also taken to an unfamiliar location where they were detained and interrogated. (Pl. Comp.¶ 24).

Plaintiff further alleges that the City had knowledge of the manner in which the Inspector General was conducting his investigations because the City settled an action filed in this Court relating to the Inspector General's investigation of the employees at the Streets and Sanitation Department. (Pl. Comp.¶¶ 25–27). Also, Plaintiff points out that a City Alderman described the Inspector General's methods for investigating employee misconduct involved the use of "gestapo tactics". (Pl.Comp.¶ 30).

■ The Court finds that Plaintiff has sufficiently apprised defendants of the general nature of the action. Defendants argue that plaintiff has failed to describe with specificity the participants and relevant conduct which occurred in the investigations. The specificity defendants seek is normally borne out of discovery and not at the initial pleading stage. Plaintiff has sufficiently alleged facts to apprise defendants of the general nature of the action and subsequent discovery will provide defendants with the relevant details needed to determine the course of this litigation.

## C. Final Decision Making Authority of the Inspector General

■ The Court finds that defendant City of Chicago did vest final decision making authority, with respect to the policies and procedures used in investigating employee misconduct, in Inspector General Alexander Vroustouris.[1]

Chicago Municipal Code, § 2–56–030(b), states that the Inspector General shall have the following powers and duties:

"... To investigate the performance of governmental officers, employees, functions and programs, either in response to complaint or on the inspector general's

own initiative, in order to detect and prevent misconduct, inefficiency and waste within the programs and operations of the city government; ..."

Furthermore, the Inspector General also has the following powers:

"(e) To request information related to an investigation from any employee, officer, agent or licensee of the city;

(g) To administer oaths and to examine witnesses under oath;

(i) To promulgate rules and regulations for the conduct of investigations and public hearings consistent with the requirements of due process of law and equal protection under the law."

Chicago Municipal Code, § 2–56–030(e)-(i).

The Court has reviewed the entire Ordinance and finds the Inspector General has final decision making authority with respect to how investigations are conducted. The Inspector General decides who, when, and how to investigate government employees. Nothing in the ordinance prohibits or constrains the Inspector's actions relating to the investigations.

■ There is no question that after the investigations the Inspector General must make recommendations to the Mayor and the City Council. In that regard the Inspector General does not have final decision making authority to decide what investigations will result in official action. However, plaintiff complains of the tactics used by the Inspector General's office with regard to how the investigations were conducted, an area that falls squarely within the control of the Inspector General. It is now clear that "[w]here an official's discretionary decisions are constrained by policies not of that official's making those policies, rather than the subordinate's departures from them, are the act of the municipality." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). However, municipal liability may attach to a single decision of a municipal official if that municipal official is "responsible under state law for making policy in that area of the city's business." *Id.* at 123, 108 S.Ct. at 924.

---

1. Judge Alesia previously dismissed the City as a defendant, however, Plaintiff's second amended complaint sets forth new allegations which were not previously before the Court. *See Angara v. City of Chicago*, 897 F.Supp. 355, 360 (N.D.Ill. 1995).

In paragraph 5 of the Complaint plaintiff alleges that:

"(5) ... the Inspector General personally compiled both written and unwritten rules and regulations governing the conduct of investigations by the Office of the Inspector General. Possessing the final decision making authority as to the conduct of investigations, the City of Chicago Ordinance did not require nor did the Inspector General seek either prior to or subsequent to the compilation of rules and regulations approval with respect thereto from the Chicago City Council." (Pl.Comp.¶ 5).

This allegation coupled with the City Ordinance is sufficient to state a cause of action against defendant City of Chicago. Defendants are sufficiently on notice as to what plaintiff's cause of action is and the relevant conduct which allegedly gives rise to the action.

## IV. CONCLUSION

For the foregoing reasons, **Angara's motion for leave to file a second amended complaint is GRANTED, and the City of Chicago's motion to dismiss is hereby DENIED.**