**Judith M. WELCH, Plaintiff,**

**v.**

**COOK COUNTY CLERK'S OFFICE, a municipal corporation; Tricia Teater; David Robinson, Betty Murray, Geneva Jackson Hallen, and Louise Lamont, Defendants.**

**No. 98 C 2928.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 14, 1999.

---

Henry Thrush Synek, Richard J. Synek, Chicago, IL, for plaintiff.

Thomas V. Lyons, Cook County State Atty. Chicago, IL, Lynn M. Train, John Justin Murphy, State Attorney's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

PALLMEYER, District Judge.

Plaintiff Judith Welch, an African–American woman, challenges her suspension and discharge from employment with Defendant Cook County Clerk's Office. Her complaint as amended consists of four counts: Count I, brought under 42 U.S.C. § 1981, alleges a deprivation of her federal constitutional rights; Count II asserts a claim of race discrimination and disparate treatment in violation of 42 U.S.C. § 1983; Counts III and IV assert claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Named as Defendants are the Cook County Clerk's Office and several individual supervisors or co-workers.

Defendant moves to dismiss the complaint on several grounds. First, Defendant urges that Plaintiff's allegations do not set forth a *prima facie* case of race discrimination under Title VII and § 1981, or deprivation of a federal constitutional right in violation of § 1983. Defendant also argues that the Title VII claims of harassment and retaliatory termination should be dismissed on the grounds that the amended complaint exceeds the scope of the EEOC complaint filed on May

27, 1997. Defendant contends, further, that allegations of acts that are time-barred by the 300-day statute of limitations for Title VII charges and the two-year statute of limitations for Sections 1981 and 1983 claims should be stricken. Finally, Defendant argues that claims against employees of the Cook County Clerk's Office as individuals should be dismissed.

### FACTUAL BACKGROUND

Plaintiff's First Amended Complaint is nearly 20 pages long and recounts the history of her employment with the Cook County Clerk's office in some detail. The allegations will be summarized here briefly. Plaintiff Judith M. Welch began employment as a Clerk for Defendant Cook County Clerk's Office on March 20, 1995. (Amended Complaint (hereinafter "Am. Compl.") ¶ 20.) Within a month of beginning her employment, Plaintiff observed that similarly situated white co-workers were given preferential treatment. (*Id.* ¶ 22.) Plaintiff alleges numerous incidents of disparate treatment and harassment by employees of the Cook County Clerk's Office against herself and other non-white employees beginning in May 1995 and continuing through the date of Plaintiff's suspension in May 1997 and termination in October 1997. (*Id.* ¶¶ 22–71.)[1] Persons responsible for the alleged wrongdoing include Defendants Tricia Teater, a white female employed as the Director of Human Resources; David Robinson, a black male employed as the Deputy Clerk; Betty Murray, a white female employed as an Assistant Deputy Clerk; Geneva Jackson–Hallen, a black female employed as an Administrative Assistant; and Louise LaMont, a white female employed as a Clerk. (*Id.* ¶¶ 12–16.) Plaintiff alleges that Defendants Teater, Robinson, Murray, and Jackson–Hallen held supervisory positions with the authority to make disciplinary and other employment decisions

and that they participated in or had knowledge of the alleged harassment but failed to take action to terminate or correct it. (*Id.* ¶¶ 17, 72.)

Plaintiff claims that she was reprimanded on several occasions when she brought incidents of harassment and unfair treatment to the attention of her supervisors. For example, on September 11, 1996, Plaintiff was given a verbal warning/reprimand by Ray Bentley and Betty Murray for leaving the office to seek union representation (*id.* ¶ 57); in early October 1996, Defendant Teater denied her the right to file a grievance about Defendant Murray (Plaintiff does not explain how) (*id.* ¶ 58); on May 14, 1997, Defendant Robinson told Plaintiff that if she filed a grievance she would "suffer consequences" (*id.* ¶ 61); and on May 15, 1997, Robinson told other clerks that before joining Plaintiff in any grievance or suit against the Clerk, they should think about their families and job "because the one with power always wins." (*Id.* ¶ 62).

On May 16, 1997, Plaintiff was given a three-day suspension, allegedly for inappropriate behavior in a staff meeting and leaving the office without permission. (*Id.* ¶ 63.) Plaintiff alleges that she was threatened by Robinson and Murray and told "to go home and think about what you did and not take it any further." (*Id.* ¶ 64.) On May 20, 1997, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunities Commission ("EEOC"). (*Id.* ¶ 3.) On May 22, 1997, she filed a complaint with the Cook County Commission on Human Rights. (*Id.* ¶ 4.) Plaintiff also filed a union grievance alleging unjust discipline, on May 30, 1997. (*Id.* ¶ 65.)

Also in May of 1997, Defendant LaMont filed an allegedly false police report that accused Plaintiff of battery. (*Id.* ¶ 66.) Plaintiff alleges that LaMont has admitted

---

1. In paragraph 70 of her Amended Complaint, Plaintiff identifies the following examples of disparate treatment: she was limited to assigned lunch hours and daily breaks, "while white employees were able to take breaks for a full half hour in the morning and afternoon"; she was required to be on time for work and was docked for every minute of tardiness, while white employees' absences and early departures were to-

lerated; she was prohibited from wearing "blue jean material of any color," although white employees were permitted to do so; she was prohibited from making personal phone calls, assigned additional work, monitored more closely than white employees and subjected to additional paperwork and to "criticism, belittlement and curs[ing]." (Am.Compl.¶ 70.)

this report was false (*id.*); she further alleges that Defendant Tricia Teater placed a copy of the police report in Plaintiff's employee personnel file and her union file, and that LaMont repeated the contents of the report to union officials and to the Cook County Commission on Human Rights, all in an effort to get Plaintiff fired. (*Id.* ¶ 66.)

On October 9, 1997, Plaintiff found herself unable to log in to her computer. (*Id.* ¶ 67.) Defendants Teater and Robinson told Plaintiff that her resignation was accepted and that she must leave the office immediately. (*Id.*) Plaintiff was escorted to her desk and out of the building by the Cook County Sheriff, causing her shock and embarrassment. (*Id.* ¶ 68.) On October 29, 1997, Plaintiff filed an amended charge with the Cook County Commission on Human Rights, alleging retaliation. (*Id.* ¶ 5.)

On February 13, 1998, Plaintiff received a notice of her right to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* from the EEOC. (*Id.* ¶ 6.) She filed her original complaint in this court on May 14. On September 25, 1998, she filed the Amended Complaint that is the subject of Defendant's motion to dismiss.

## DISCUSSION

### A. *Sufficiency of the Complaint under Federal Pleading Requirements*

A motion to dismiss a complaint pursuant to FED. R. CIV. P. 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead tests whether the claimant has properly stated a claim. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In deciding a motion to dismiss, the court will consider all allegations of the complaint as true, and will draw all reasonable inferences in favor of the plaintiff. *Pickrel*, 45 F.3d at 1116; *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). It is well established that a dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Defendant argues that Plaintiff has failed to allege facts to support her claims of discrimination under Title VII and § 1981, and for violation of her 1st and 14th amendment constitutional rights under § 1983, and that these claims should be dismissed. The federal rule of notice pleading requires only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (*quoting Conley*, 355 U.S. at 47, 78 S.Ct. 99 (footnote and citation omitted)). To give fair notice, "a complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992) (*quoting Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 198 (7th Cir. 1985)). A plaintiff "need not plead facts; he can plead conclusions ... [but] the conclusions must provide the defendant with at least minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153–54 (7th Cir.1995). The issue is whether "sufficient facts [have been] pleaded to allow the district court to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996).

■ Defendant here argues that the Amended Complaint must be dismissed because it does not set forth each element of a *prima facie* case of employment discrimination. The court disagrees. Although the complaint may not plead all elements necessary to establish a *prima facie* case, the pleadings are sufficient to give Defendant and the court notice of Plaintiff's claims of employment discrimination based on race. Plaintiff may ultimately be unable to present evidence to support her claims; for purposes of this motion to dismiss, however, Plaintiff has adequately alleged discriminatory treatment sufficient to sustain her claims under Title VII and 42 U.S.C. § 1981.

■ The complaint is also sufficient to support Plaintiff's claim under § 1983 of vio-

lation of the equal protection clause of the 14th amendment. A successful § 1983 claim requires that plaintiff establish that: (1) she held a constitutionally protected right, (2) she was deprived of this right in violation of the Constitution; (3) defendants intentionally caused this deprivation; and (4) the defendants acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir.1993). Drawing all reasonable inferences in Plaintiff's favor, Defendants Teater and Robinson, in their roles as Director of Human Resources and Deputy Clerk for the Cook County Clerk's Office, have committed a pattern of discriminatory acts on account of plaintiff's race in the course of making employment related decisions. Allegations of a pattern or series of acts is sufficient to raise an inference of official policy. *Powe v. City of Chicago*, 664 F.2d 639, 651 (7th Cir.1981). Plaintiff has alleged facts from which it can be reasonably inferred that Teater and Robinson had the authority to be considered "policy makers," such that their acts may be deemed to reflect the policy of the Cook County Clerk's Office, permitting a finding of municipal liability for violation of § 1983. *See Bruce v. City of Chicago*, No. 96 C 5420, 1997 WL 201558, at *4 (N.D.Ill., April 17, 1997). Again, whether Teater and Robinson actually are policy makers within the meaning of § 1983, and whether any of the named Defendants took action against Plaintiff on the basis of her race, are factual issues to be decided on the basis of evidence, not at the pleading stage.

Plaintiff's response to the motion to dismiss makes no mention of her First Amendment claim. The court concludes that claim should be dismissed. A public employee is protected from adverse employment action taken in response to her speech on a matter of public concern. *Button v. Kibby–Brown*, 146 F.3d 526, 529 (7th Cir.1998). In this case, however, nothing in the Amended Complaint suggests that Plaintiff's speech-her internal complaints and union grievances-involved matters of public concern rather than her own discipline. Absent such allegations, the First Amendment complaint will be dismissed.

### B. *Plaintiff's Title VII Claims of Harassment and Retaliatory Termination*

Defendant argues that Plaintiff's failure to include charges of harassment and retaliatory termination in her original EEOC charge bars her from proceeding on those claims under Title VII in this court. As a general rule, a Title VII plaintiff may not include in her complaint claims that she failed to include in her underlying EEOC charge. *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir.1996) (citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994)); *Harper v. Godfrey Co.*, 45 F.3d 143, 147 (7th Cir. 1995). The rule serves two purposes: First, it encourages claimants to fully develop their EEOC charges before resorting to the courts, and thus serves the goal of promoting early resolution of the dispute by settlement or conciliation. *McKenzie*, 92 F.3d at 481. In addition, the rule ensures that an employer sued under Title VII will receive adequate notice of the charges against it. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992).

The rule does not require that a court complaint be identical to the underlying charge, however, and because most EEOC charges (like the one in this case) are completed by laypersons rather than lawyers, the courts do not require that a Title VII plaintiff include in her charge every fact that supports her claim. *Cheek*, 31 F.3d at 500. Instead, the claim asserted in the complaint must simply be "like or reasonably related to the allegations" of the underlying charge or "grow out of" those allegations. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976); *see also Harper*, 45 F.3d at 147; *Cheek*, 31 F.3d at 500.

Under these standards, this court concludes that Defendant's motion to strike the allegations of harassment should be denied. Plaintiff's charge asserted that her suspension from work in May 1997 was the product of race discrimination. The claim that she was harassed in other ways on the basis of race is reasonably related to that charge. The EEOC charge raised the issue of adverse action on the basis of race, and the EEOC could reasonably have been ex-

pected to investigate harassment in the work place on this basis.

■ For a slightly different reason, the court concludes that Plaintiff's claim that her October termination was a product of retaliation is also reasonably related to her original charge. In *McKenzie*, the Seventh Circuit recognized that a claim that her employer retaliated against plaintiff after she filed her charge may be "reasonably related" to that charge. Thus, where the claimed act of retaliation postdates the charge, plaintiff should not be required to file a new charge of discrimination before bringing allegations of such retaliatory conduct before the court. *McKenzie*, 92 F.3d at 483 (*citing Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir.1981)) (holding that it was "unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge"); *Carter v. South Cent. Bell*, 912 F.2d 832 (5th Cir.) (where other Title VII claims were properly before court, jurisdiction existed over retaliatory termination claim as well); *Bouman v. Block*, 940 F.2d 1211 (9th Cir.) (retaliation claim was "reasonably related" to prior sex discrimination claim); *Brown v. Hartshorne Pub. School Dist. No. 1*, 864 F.2d 680 (10th Cir.1988) (retaliation arising out of first EEOC filing was "reasonably related" to that filing, obviating the need for a second EEOC charge); *see also Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989) ("[W]e join the other circuits that have spoken to the question in adopting the rule that a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge").

Plaintiff pleads that "Defendants have unlawfully retaliated against Plaintiff by terminating her" (Am.Compl.¶ 74), and that "Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about racial discrimination and harassment." (*Id.*

Count IV ¶ 78.) Essentially, Plaintiff claims that, but for filing charges of race discrimination with the EEOC, she would not have suffered the alleged retaliation resulting in the loss of her employment. Because the alleged retaliation and termination postdate Plaintiff's underlying charge, the reasoning of *McKenzie* dictates that Plaintiff be allowed to proceed with these claims, limited, however, to acts that postdate her filing of the EEOC charge.[2]

**C. Allegations Barred by the Statute of Limitations**

In Illinois, claims brought pursuant to Title VII of the Civil Rights Act are subject to a 300–day statutory limitations period. 42 U.S.C. § 2000e–5(d); *Lorance v. AT & T Techs., Inc.*, 827 F.2d 163, 165 (7th Cir.1987), *aff'd*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989). Defendant argues that all alleged events in paragraphs 20 through 48 are time-barred under Title VII because they occurred prior to July 25, 1996, more than three hundred days prior to the filing of the EEOC charge on May 20, 1997. Additionally, Defendant argues that the acts alleged in paragraphs 20 through 58, which occurred more than two years prior to the September 24, 1998 filing of the Amended Complaint, must be dismissed from Counts I and II, Plaintiff's § 1981 and § 1983 claims, because such claims are subject to Illinois' two year statute of limitations for all personal injury actions. Plaintiff contends that these acts are part of an "admitted ongoing pattern of actionable discrimination" and that she should be allowed to seek relief for these acts that would otherwise be time-barred under the "continuing violation doctrine." (Response of Plaintiff to Motion to Dismiss at 2–3).

■ Under the continuing violation doctrine, failure to sue within the limitations period may be excused if a plaintiff links one

---

2. Defendant also argues that Plaintiff has attempted to broaden her federal court action by attaching a copy of the complaints filed with the Cook County Commission on Human Rights. These complaints include the additional charge of retaliation that was not included in the EEOC complaint. Because the court concludes that

Plaintiff is permitted to proceed on her retaliation claim for the reason discussed above, it will not reach the question of whether jurisdiction could be asserted upon the basis of the complaint that Plaintiff filed with the Cook County Commission on Human Rights.

or more time-barred acts to a discriminatory act that occurred within the limitations period. *Speer v. Rand McNally & Co.*, 123 F.3d 658, 663 (7th Cir.1997); *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). The Seventh Circuit recognizes three separate situations in which this doctrine may apply. The first situation arises from cases, usually involving the employer's hiring or promotion practices, "where the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the 'violation' occurred." *Stewart v. CPC Int'l*, 679 F.2d 117, 120 (7th Cir.1982). This situation is inapplicable here. Plaintiff's complaint does not challenge Cook County's promotion or hiring practices, nor is there any basis for concluding that Plaintiff was unaware of the time-barred acts at the time they were committed; indeed, her complaint states that "within a month of employment" she noticed "how similarly situated white co-workers were given preferential treatment." (Am.Compl.¶ 22.) The second situation arises where the employer has an express, openly espoused policy of personnel management that the plaintiff has alleged to be discriminatory. *Selan*, 969 F.2d at 565. Plaintiff has not alleged that Defendant has an open policy of discrimination, so this situation is also inapplicable here.

■■■■ The third situation arises when the plaintiff alleges that the employer has followed a covert practice of discrimination so that "the challenged practice is evidenced only by a series of discrete, allegedly discriminatory, acts." *Stewart*, 679 F.2d at 121. To determine whether the separate violations are part of a pattern, the court must consider three factors: (1) whether the acts are similar and involve the same type of discrimination; (2) the frequency of the acts; and (3) the "degree of permanence" of the acts the plaintiff seeks to string together. *Selan*, 969 F.2d at 565 (*citing Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983)). Generally speaking, a continuing violation will be found if "the plaintiff had no reason to believe he was a victim of discrimi-

nation until a series of adverse actions established a visible pattern of discriminatory treatment" so that "it would have been unreasonable to require the plaintiff to sue separately on each one." *Malhotra*, 885 F.2d at 1310. A continuing violation will not be found "if the plaintiff knew, or 'with the exercise of reasonable care would have known after each act that it was discriminatory and had harmed her[.]'" *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir.1994). Plaintiff's statement that "within a month of employment" she noticed "how similarly situated white co-workers were given preferential treatment" (Am.Compl.¶ 22) discredits her argument that the time-barred incidents remain actionable. Any claims arising from conduct that pre-dates the limitation periods are dismissed. Because the Amended Complaint relates back to the date of the original filing, however, the court concludes that the applicable date is May 14, 1996, two years prior to the filing of the original complaint in this lawsuit.

### D. *Claims Against Individual Employees of the Cook County Clerk's Office*

■■■■ Defendant asserts that the Title VII claims against employees of the Cook County Clerk's Office in their individual capacities should be dismissed because they are not "employers" and thus cannot be held liable in their individual capacity under Title VII.[3] Liability for employment discrimination under Title VII can only be imposed against an individual who qualifies independently as an employer. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995). Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b). Contrary to Plaintiff's assertion, the Seventh Circuit in *AIC Security* did recognize that the reference to "and any agent" serves only to establish respondeat superior liability and does

---

**3.** This court reads Counts III and IV, the Title VII claims, as directed against Defendant Cook County alone. The parties' briefs, however, do address the issue of whether the individual De-

fendants may be held liable under Title VII, so the court explains here its reason for dismissing individual Defendants from those claims.

not create individual liability under Title VII. *See AIC Sec.,* 55 F.3d at 1279–82. Because Defendants Teater, Robinson, Murray, Jackson–Hallen, and LaMont do not qualify as employers, the Title VII claims against them as individuals are dismissed.

### CONCLUSION

Plaintiff's § 1983 claim of deprivation of her First Amendment right is dismissed. Title VII claims against the employees of the Cook County Clerk's Office are also dismissed. Defendants' motion is otherwise denied.