In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3252

Nickolaj Latuszkin,

Plaintiff-Appellant,

v.

City of Chicago,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1331--Robert W. Gettleman, Judge.

Argued March 6, 2001--Decided March 23, 2001
PUBLISHED MAY 14, 2001/*


  Before Fairchild, Cudahy and Ripple,
Circuit Judges.

  Fairchild, Circuit Judge.   Nickolaj
Latuszkin sued the City of Chicago and
Chicago police officer George Wilson
after Wilson, while driving under the
influence of alcohol, struck and killed
Mr. Latuszkin's wife, Sofia Latuszkin. At
issue here is Mr. Latuszkin's claim
against the City under 42 U.S.C. sec.
1983, which the district court dismissed
under Rule 12(b)(6) for failure to state
a claim. While we disagree with the
district court's reasoning, we affirm the
dismissal on other grounds.

  According to Mr. Latuszkin's complaint,
Wilson and other Chicago police officers
held a party in the parking lot of the
25th Police District during the early
morning hours of June 13, 1998. During
the party, the officers drank large
amounts of alcohol, fired their weapons
into the air and at passing trains,
erected a bonfire fueled by "unlawfully
appropriated property," and intimidated
and arrested members of the public who
complained about the party. After leaving
the party in his own car, an intoxicated
Wilson, while driving in the City of
Elmwood Park, Illinois, attempted to pass
a vehicle on the right, drove onto a
sidewalk, and struck Mrs. Latuszkin,
killing her.

In December 1998 Mr. Latuszkin, as the administrator of his wife's estate, filed a wrongful death and survival action against Wilson in Cook County Circuit Court. In June 1999 Mr. Latuszkin amended his complaint to add the City as a defendant on both state law claims. In the amended complaint Mr. Latuszkin alleged that the officers at the 25th District had held parties involving similar conduct on "several occasions," and that the conduct of the officers at those parties was "open and notorious." Mr. Latuszkin further alleged that the Chicago Police Department's (CPD) rules prohibited the officers' conduct, but that superior officers and supervisory personnel "consciously chose" to disregard the behavior. According to Mr. Latuszkin, the CPD, by allowing the illegal parties to continue, had shown "utter indifference to or conscious disregard of" the safety of others and had led the officers to believe that they were above the law.

In February 2000 Mr. Latuszkin amended his complaint for a second time, adding a count seeking liability of the City under sec. 1983. In the second amended complaint Mr. Latuszkin adopted by reference his previous allegations and further alleged that the CPD had "deliberately failed or refused to satisfy" its duty to regulate its officers so as to prevent them from depriving people of their constitutional rights. Mr. Latuszkin asserted that this failure reflected a "policy, procedure, and practice of deliberate indifference" to such rights and was the foreseeable cause of Mrs. Latuszkin's death. In response, the City removed the case to federal court.

In August 2000 the district court granted the City's motion to dismiss Mr. Latuszkin's sec. 1983 claim. The district court read Mr. Latuszkin's complaint as an attempt to allege a widespread practice of the City so permanent and well settled as to constitute a custom of the City. The court, citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985), held that Mr. Latuszkin failed to state a claim under sec. 1983 because he had not alleged that the practice caused more than a single constitutional violation. Therefore, the

district court dismissed Mr. Latuszkin's sec. 1983 claim and remanded his state law claims to state court.

On appeal Mr. Latuszkin argues that the district court construed his complaint too narrowly in finding that he alleged only one incident of unconstitutional conduct. He asserts that the municipal policy at issue is the City's widespread practice of consciously disregarding unlawful activity by its police officers, not simply that the City is failing to stop the parties. Mr. Latuszkin asserts that the parties are evidence of the City's policy. Mr. Latuszkin argues that these allegations sufficiently state a claim under the notice pleading standard for sec. 1983 municipal liability suits. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993).

This court reviews a 12(b)(6) dismissal de novo, taking all the well-pleaded allegations as true. See McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). A plaintiff's complaint in a sec. 1983 municipal liability claim need not meet any heightened pleading standard, but rather must simply set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint. See McCormick v. City of Chicago, 230 F.3d 319, 323-24 (7th Cir. 2000). A dismissal is proper only if there is no set of facts consistent with the allegations in the complaint upon which relief could be granted. See Sledd v. Linsday, 102 F.3d 282, 289 (7th Cir. 1996).

A municipality may not be held liable under sec. 1983 on a respondeat superior theory. See Monell v. Department of Social Serv., 436 U.S. 658, 690 (1978). Therefore, Mr. Latuszkin needed to claim that his wife's death was caused either by (1) the enforcement of an express policy of the City, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority. See McCormick, 230 F.3d at 324.

Mr. Latuszkin correctly argues on appeal that the district court erred in applying Tuttle to this case because Tuttle deals with the requirements for proving the

existence of a custom. In Tuttle, the Supreme Court reversed a jury finding of municipal liability because the plaintiff had been allowed to prove the existence of a municipal policy of inadequate training from the one shooting incident at issue in the case. See Tuttle, 471 U.S. at 823-24. Mr. Latuszkin's case, however, is at the pleading stage where the court must assume that he can prove his allegations, and therefore the Tuttle standards for proof at trial do not apply here. See, e.g., McCormick, 230 F.3d at 326.

   Mr. Latuszkin's complaint must be dismissed, however, because he claimed no more than a policy or custom of the CPD. Nowhere did he claim a policy or custom of the City. A municipality may only be held liable where it is the moving force behind the injury because some policymaker made a deliberate choice to act or not act in a certain way. See, e.g., Board of the County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404 (1997); City of Canton v. Harris, 489 U.S. 378, 389 (1989); Monell, 436 U.S. at 694. The City correctly notes that the complaint only alleges that the CPD and its supervisory officials turned a blind eye to the parties. The complaint does not allege any facts tending to show that City policymakers were aware of the behavior of the officers, or that the activity was so persistent and widespread that City policymakers should have known about the behavior. For example, the only specific individuals identified by Mr. Latuszkin as failing to stop the parties are CPD superior officers and supervisors at District 25. These individuals do not qualify as policymakers for the City. See Auriemma v. Rice, 957 F.2d 397 (7th Cir. 1992) (holding that the Superintendent of Police is not a policymaker for the City). Furthermore, nothing in Mr. Latuszkin's complaint suggests that a few parties held in a police department parking lot should have come to the attention of City policymakers. Without a link between the City and the alleged policy, no claim for municipal liability can survive.

   Mr. Latuszkin's complaint also fails to state a claim because his allegations fail to establish any violation of his wife's constitutional rights. Mr. Latuszkin alleged that the City violated

his wife's right to substantive due process of law when Wilson struck her with his car. Governmental bodies, however, generally have no constitutional duty to protect individuals from the actions of private citizens. See DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195 (1989). Therefore because Wilson was acting as a private citizen, rather than as a police officer, when he killed Mrs. Latuszkin, none of her federally protected rights were violated.

Mr. Latuszkin correctly asserts that a finding that Wilson acted under color of state law is not foreclosed by Wilson being off-duty at the time of the accident. See Robles v. City of Fort Wayne, 113 F.3d 732, 735 n.2 (7th Cir. 1997); Pickrel v. City of Springfield, 45 F.3d 1115, 1118-19 (7th Cir. 1995) (reversing dismissal that was based on district court's finding that officer was off-duty and therefore could not have acted under color of state law); Gibson, 910 F.2d at 1517; see Revene v. Charles County Comm'r, 882 F.2d 870, 873 (4th Cir. 1989) (plaintiff's admission that police officer was off-duty, out of uniform, and driving his own vehicle does not necessarily establish that officer did not act under color of state law).

The important consideration, however, in determining whether an officer is acting under color of state law is the nature of the specific acts performed. See Pickrel, 45 F.3d at 1118-19. The acts that Mr. Latuszkin alleges Wilson performed are not of the type that suggests that Wilson was acting under color of law. See, e.g., Huffman v. County of Los Angeles, 147 F.3d 1054, 1058 (9th Cir. 1998) (drunk off-duty police officer who was not wearing uniform, using his own gun, and never identified himself as an officer, was not acting under color of state law when he shot plaintiff); Roe v. Humke, 128 F.3d 1213, 1216 (8th Cir. 1997) (off-duty officer who assaulted minor not acting under color of state law where officer was not wearing gun or badge, driving his own vehicle, and not acting pursuant to his official duties). First, the complaint does not allege that Wilson acted under color of law. Second, Wilson was driving his own car while drunk and outside of Chicago. Furthermore, the complaint makes no allegation that Wilson

was engaged in police activity, that he displayed any police power, or that he possessed any indicia of his office at the time of the accident. Because Wilson was engaged in entirely private behavior at the time of the accident, there is no claim for the violation of due process under DeShaney.

For the foregoing reasons we AFFIRM the dismissal of Mr. Latuszkin's complaint for failure to state a claim.

FOOTNOTES

/* This appeal was originally resolved in an unpublished order of March 23, 2001. Subsequently, we granted the appellee's request to convert the order to a published opinion.