Arlene OTIS, Plaintiff–Appellant,

v.

Paul WETTER, et al., Defendants–Appellees.

No. 03–3548.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 23, 2004.*

Decided Sept. 27, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

434

Arlene Otis, Chicago, IL, pro se.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

ORDER

Arlene Otis filed a complaint in district court, alleging that she witnessed racial discrimination at a Target department store on two separate occasions, January 19, 2001, and August 31, 2003. Otis alleges that on both of those dates she observed store security guards ask several black patrons—but no white patrons—to show receipts for their purchases before leaving the store. She also alleges that on the earlier date she personally was subjected to discrimination when a clerk at the checkout counter asked to see her credit card after she had swiped it through a reader; she claimed that white patrons were not asked for their cards. Otis claims that this conduct is actionable under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, and 42 U.S.C. §§ 1981, 1982, and 1983.

Otis moved to proceed in forma pauperis in the district court. Upon reviewing her complaint and motion to determine if she qualified, the court determined that her claims were frivolous, 28 U.S.C. § 1915(e)(2)(B), because she filed her complaint more than two years after the clerk's alleged discrimination in January 2001, and thus beyond the applicable limi-

tations periods. Although a statute of limitations is an affirmative defense that ordinarily must be raised by the party asserting the defense, FED. R. CIV. P. 8(c), Otis's complaint is frivolous for another reason: it fails to state a claim.

 Otis's complaint conceivably could implicate § 1982, which prohibits racial discrimination in the purchase or sale of personal property, *see Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 420–22, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), or § 1981, which prohibits discrimination in the making and enforcement of contracts, *see Runyon v. McCrary*, 427 U.S. 160, 170–71, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). But even if Otis's transaction could be characterized as an attempt to create a contract for the sale of personal property, the only action the store or its employees allegedly took against her—the clerk's request to see her credit card—is far too inconsequential to support a claim. And Otis cannot rely on the security guards' inspections of receipts from other customers to support her claims under §§ 1981 and 1982 because she has standing to challenge only actions that personally caused her injury. *Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 489 (7th Cir.2004). Otis's other purported claims are frivolous. Neither Target nor any of its employees acted under color of state law as required to state a claim under § 1983, *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir.2003), nor acted as a "creditor" as required to state a violation of the ECOA, *see* 12 C.F.R. § 202.2(1).

The district court correctly determined that Otis's complaint is frivolous.

AFFIRMED.