Ronald D. MITCHELL, Plaintiff–
Appellant,

v.

ST. ELIZABETH HOSPITAL, et
al., Defendants–Appellees.

No. 03–3307.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 29, 2004.

Rehearing Denied Feb. 3, 2005.

Ronald D. Mitchell, Wabash Valley Correctional Facility, Carlisle, IN, pro se.

Before BAUER, MANION, and WOOD, Circuit Judges.

## ORDER

Ronald Mitchell brought suit under 42 U.S.C. § 1983, claiming that St. Elizabeth Hospital violated his right to privacy by releasing all of his medical records in response to a state court's warrant that he says ordered release of the results of only a single medical test. The district court dismissed the suit at the screening stage because it found that the defendants were not acting under color of state law. We affirm.

On November 24, 2001, Mitchell complained of stomach pain and was taken by ambulance to the emergency room of St. Elizabeth Hospital in Lafayette, Indiana. While he was being examined, Mitchell told the emergency room doctor that he had recently noticed a "whitish discharge" and that his girlfriend had tested positive for gonorrhea about a week previously. The doctor left the room. When he returned, the doctor told Mitchell that his name was on a health department list of persons to be tested for gonorrhea. Mitchell submitted to the test. But before he was released, police officers arrived with a warrant from a state court directing the hospital to test Mitchell for gonorrhea, treat him if necessary, and report the results to the court. According to Mitchell,

---

* Because there are no appellees to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellees. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See Fed. R.App. P. 34(a)(2).

the hospital thereupon released to the state all of his medical records, including records unrelated to the gonorrhea test. Mitchell further alleged that these records were used as evidence against him in a criminal prosecution, but did not specify the manner in which the records were used, or even the crime for which he had been convicted.

Mitchell's complaint does not challenge the warrant itself, but alleges that the hospital exceeded the scope of the court's order when it released his entire medical file, thereby breaching his physician-patient privilege and his Fourth Amendment rights. The district court sua sponte dismissed the case, finding that the defendants were not state actors for the purpose of § 1983 and that their conduct as alleged violated no federal law. Mitchell then filed a motion under Fed.R.Civ.P. 59 arguing that the district court erred in finding no state action because the defendants had been "carrying out tasks for the police." The district court denied the motion, explaining that none of the defendants worked for the state or acted at its direction.

Mitchell argues on appeal that the disclosure of medical records not required by the warrant violated his substantive due process "right to medical privacy" and his Fourth Amendment rights.

In order for a plaintiff to prevail in a § 1983 suit, he must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co., v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Case v. Milewski,* 327 F.3d 564, 566 (7th Cir.2003). As for the first part of the test, we have recognized in a number of cases the emergence of "a qualified constitutional right to the confidentiality of medical records and medical communications." *Anderson v. Romero,* 72 F.3d 518, 522 (7th Cir.1995); *Denius v. Dunlap,* 209 F.3d 944, 956 (7th Cir.2000). We will assume that Mitchell has asserted the deprivation of a valid constitutional right, but his case founders on the second element: he has not demonstrated that the defendants were acting "under color of state law."

A non-governmental defendant will be found to have acted under color of state law where there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). Mitchell tries to establish such a nexus by arguing that the defendants' response to the warrant was "commissioned by the state."

He bases his argument on an analogy between his own situation and the facts in *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). In *West,* a physician who provided medical services under private contract to the North Carolina prison system was held to have acted under color of state law when he refused to schedule an inmate for surgery. Mitchell contends that St. Elizabeth Hospital, like the physician in *West,* provided services to the state; thus, he reasons, St. Elizabeth Hospital should be treated similarly as acting under color of state law.

But *West* is distinguishable. The theory behind the Supreme Court's recognition of state action there was that the state had delegated a function for which it could not disclaim responsibility. *Id.* at 56. The basis of the Court's holding was not that the physician had provided services, but rather that the state had "an affirmative

obligation to provide adequate medical care" to the petitioner. *Id.* Here, by contrast, the State of Indiana had no obligation to do anything for Mitchell, and thus it had no function to delegate. The state merely issued a discrete set of orders to the hospital, and such orders do not give rise to state action. "Acts of ... private contractors do not become acts of the government" even if the private contractors are significantly or totally engaged in work under public contracts. *Rendell–Baker v. Kohn,* 457 U.S. 830, 841, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

Finally, we note that Mitchell has moved to correct the record to reflect the corporate name of the defendant. In light of the above determinations, the motion is denied as moot, and the decision of the district court is AFFIRMED.