NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008[*]
Decided June 11, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3113

| | |
|---|---|
| DAVID SHELBY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 05-589-MJR |
| | |
| M. GELIOS, et al., | Michael J. Reagan, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

David Shelby, a federal inmate previously housed at the Federal Correctional Institution in Greenville, Illinois, received a disciplinary report after a guard found marijuana and barbiturates in his cell. Shelby received a hearing, and the Disciplinary Hearing Officer found that Shelby had violated the prison's rule prohibiting possession of

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

drugs because the drugs were in his cell and thus he was responsible for them.  Shelby was disciplined with the loss of good-time credits and visitation privileges, segregation, and a transfer to another facility.  He eventually was moved to a federal prison in Colorado, and from there he petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, claiming that his right to due process had been violated because, he asserted, there was not sufficient evidence to support the DHO's finding.  The district court for the District of Colorado agreed, granted his petition, and ordered the Bureau of Prisons to expunge the violation from Shelby's record and reinstate his good-time credits.  *Shelby v. United States*, No. 03-cv-1336 (D. Colo. Aug. 4, 2004) (unpublished order).   Relying on the Colorado district court's decision, Shelby then filed this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages from the guard who filed the disciplinary report, another guard who participated in the investigation, and the DHO who conducted the disciplinary hearing.  The district court for the Southern District of Illinois screened Shelby's complaint prior to service, *see* 28 U.S.C. § 1915A, and dismissed it on the ground that it fails to state a claim.

We review de novo a dismissal under § 1915A for failure to state a claim.  *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005).  Shelby's allegations are sparse, but his complaint turns on the decision of the Colorado district court, and he has attached the court's order to his appellate brief.  Thus he has incorporated that decision into his complaint.  *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).  So, in setting out the facts, we rely on the factual findings in the Colorado district court's order and accept as true the additional allegations in Shelby's complaint.  *See Westefer*, 422 F.3d at 574.

In November 2002, while Shelby was working at his job in the kitchen at Greenville, guards searched his cell, which he shared with four other inmates, and which he could not lock to exclude other uninvited inmates.  During the search the guards found four packets of marijuana under a cellmate's bunk, a Chapstick cap containing barbiturates in a bag next to a cellmate's bunk, four packets of marijuana on a cellmate's bunk, a balled-up sock containing twenty packets of marijuana on an unassigned bunk (which had been "claimed" by another inmate whose authority to be in the cell is unclear), and a red balloon and ten packets of marijuana inside a tennis shoe on top of the unassigned bunk.  Four inmates were present during the search, although we cannot tell if all of them were Shelby's cellmates.  At that time Shelby and his cellmates all denied knowing anything about the drugs.

In January 2003 one of the guards who conducted the search wrote a disciplinary report charging Shelby with possessing drugs.  Afterward another guard interviewed Shelby and concluded that "the incident report supports the charge."  At the hearing before

the DHO, Shelby testified that he did not own the drugs and had not known that they were in his cell. Another inmate (we do not know whether he was one of Shelby's cellmates) testified that he, not Shelby, was the owner of the drugs and that Shelby "[a]in't seen nothing and didn't know nothing about it." The DHO issued written findings discounting that witness's testimony, finding it "highly unlikely" that Shelby was unaware of the drugs given the number of hiding places, and concluding that Shelby was thus responsible for possessing the drugs.

The district court construed Shelby's civil-rights complaint as challenging only the disciplinary transfer and revocation of visitation privileges, and then dismissed it, reasoning that because inmates do not have a liberty interest in being housed at a particular facility, *see Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995), or in having ready access to visitors, *see Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *see also DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), they are not entitled to due process before they are transferred or lose visitation privileges. So, the dismissal of those theories was correct.

However, construing Shelby's pro se complaint liberally, as we must, *see Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), we conclude that he also seeks damages for the temporary loss of his good-time credits. A prisoner is entitled to nominal damages if a due-process violation resulted in the loss of good-time credits, even if they were later restored. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Gates v. Towery*, 430 F.3d 429, 431 (7th Cir. 2005). Punitive damages may also be available if the prisoner can prove that the defendants acted with an "evil motive" or "callous indifference" to his due-process rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see Marshall ex rel. Gossens v. Teske*, 248 F.3d 765, 772 (7th Cir. 2002).

So we must decide whether Shelby has stated a civil-rights claim for a due-process violation that resulted in the temporary loss of his good-time credits. To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). For a plaintiff attempting to make out a claim under *Bivens*, this standard is satisfied if the plaintiff alleges that he was deprived of a constitutionally protected right by a person acting under color of federal authority. *See Bivens*, 403 U.S. at 389-92; *Case v. Milewski*, 327 F.3d 564, 568 (7th Cir. 2003); *see also Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Shelby has stated a claim because he has alleged that the defendants—two correctional officers and a DHO involved in his disciplinary proceedings—acted under color of federal authority in depriving him of his right to due process when he was found to have possessed drugs without any evidence.

And, although Shelby did not have to plead facts under the liberal notice-pleading rule, the facts he did include in his complaint and its attachments do not undercut his claim. *Cf. Henderson v. Sheehan*, 196 F.3d 839, 846 (7th Cir. 1999) (observing that pro se plaintiffs can plead themselves out of court if they plead facts that undermine their allegations). The district court in Colorado tells us that numerous stashes of drugs were found throughout Shelby's cell, but that the drugs were not found among Shelby's possessions, the cell was not locked, many inmates may have had access to the cell, and another inmate came forward to claim the drugs, asserting that Shelby knew nothing about them. A decision to discipline an inmate comports with due process if it is supported by "some evidence," *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985), and evidence of constructive possession is sufficient to meet this standard when drugs are found where only a handful of inmates have access, *see Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992); *see also Mason v. Sargent*, 898 F.2d 679, 679-80 (8th Cir. 1990) (holding that "some evidence" supported disciplinary charge against inmate where he and another inmate shared a locker and the other inmate admitted to putting contraband in the locker). But the inference of constructive possession is too weak to satisfy the "some evidence" standard where the plaintiff was just one of many inmates who shared access to an area where contraband was found. *See Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (holding "some evidence" standard not met where more than 100 inmates had access); *Hamilton*, 976 F.3d at 347-48 (Posner, J., dissenting) (noting that a one-in-eight chance contraband belonged to a prisoner is "not my idea of 'some evidence'" and observing that a one-in-thirty-two chance would not satisfy "some evidence" standard). Because Shelby may be able to prove, consistently with the facts he has alleged, that too many inmates had access to his cell to hold him accountable for the drugs on a theory of constructive possession, he is entitled to proceed with his case.

Shelby, though, is wrong in thinking that the district court will be compelled to accept the Colorado district court's conclusion that his right to due process was violated. That decision is not preclusive. Shelby's victory on his § 2241 petition means only that he is not barred from bringing his *Bivens* claim by the doctrine, announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), that if a plaintiff's success in a civil-rights suit for damages would invalidate a conviction or sentence, the plaintiff must first have the conviction or sentence, as relevant here, "called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that *Heck* doctrine applies to civil-rights suits challenging prison disciplinary proceedings); *Case*, 327 F.3d at 569 (noting that *Heck* doctrine applies to *Bivens* claims). Nothing compels the district court to adopt the Colorado district court's reasoning or to follow its rationale. *See Garza v. Henderson*, 779 F.2d 390, 392-94 (7th Cir. 1985) (district court's issuance of writ of habeas corpus did not have preclusive effect in inmate's subsequent civil-rights claim for damages).

Thus, on remand after the record has been developed and the issues of fact have been resolved, the court may be required to undertake its own analysis to determine whether, consistent with the law of this circuit, the defendants' actions violated due process.

VACATED and REMANDED.