NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided December 9, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 10-1421 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| WILLIAM L. COLLINS, *Plaintiff-Appellant*, | |
| | No. 3:07-cv-00394 |
| *v.* | |
| | Joseph S. Van Bokkelen, |
| THOMAS ALEVIZOS, et al *Defendants-Appellees.* | *Judge*. |

**O R D E R**

William Collins, an Indiana state prisoner, appeals the dismissal of his claims under 42 U.S.C. § 1983 for unreasonable force after his arrest, as well as the grant of summary judgment for two prison officials whom he charges with deliberate indifference in denying him medical treatment for glaucoma and other eye injuries. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Collins's complaint alleged the following facts about his arrest and confinement, which we are obligated to accept as true at this time. *See Tamayo v. Blagojevich*, 523 F.3d 1074, 1081 (7th Cir. 2008). The police arrested Collins as a suspect in the robbery of a restaurant patron, Thomas Alevizos, who at the time was a county prosecutor and newly elected judge in LaPorte County, Indiana. The arresting officer, Ronald Fargo, brought Collins back to the restaurant ("Maxine's") for identification,[1] where Alevizos was waiting with Officers Allen Schultz and Christopher Froehlke. While Collins was handcuffed, Alevizos lunged at him and poked his left eye, causing pain and swelling. The officers, Collins said, omitted the attack from their police report as part of a cover-up. Later, Collins was taken to the LaPorte County Jail where Nurse Sherry Kozlowski and Captain Richard Buell, the jail commander, delayed for several weeks eye surgery that he says he needed to avoid blindness from glaucoma.

Collins filed a § 1983 complaint against Alevizos for unreasonable force; the three arresting officers for failing to protect Collins and for omitting the attack from their report; and the two jail personnel for deliberate indifference to his medical needs. The court screened the case under 28 U.S.C. § 1915A and dismissed Collins's claims against Alevizos because he was not acting "under color of state law" during the alleged attack. The court also dismissed the claims against the three police officers because, on the facts alleged, the poking was not foreseeable. Plus, the court found, failure to mention "the attack" in the police report did not violate Collins's constitutional rights. *See* 28 U.S.C. § 1915A(b)(1). Collins was allowed to proceed with his deliberate-indifference claims against Kozlowski and Buell.

The evidence submitted in support of Collins's deliberate-indifference claims, construed in his favor, showed the following. While at the LaPorte County Jail, Collins once requested medicine from Nurse Kozlowski, asking only for aspirin. On two other occasions, Collins filled out request slips for medical attention for his eye condition. These slips were not addressed to Kozlowski, and she did not learn that Collins had glaucoma until other medical personnel assessed his condition three weeks after intake. Captain Buell did not direct the course of Collins's treatment. Letters between the jail doctors show that Buell accepted the advice of those doctors regarding the timing of Collins's care and eye surgery, which occurred within two months of his arrival at the jail.

On appeal Collins challenges the dismissal of his claim against Alevizos, arguing that he acted as a prosecutor, and thus "under color of state law" when he poked Collins in

---

[1]Alevizos did, in fact, identify Collins, who was later charged with felony attempted robbery and misdemeanor criminal mischief.

the eye because prosecutors' job duties include identifying criminal suspects. Action is taken under color of state law only when it is made possible because the actor is clothed with the authority of state law. *See Wilson v. Price,* No. 09-2904, 2010 WL 3861005, at *2 (7th Cir. Oct. 4, 2010); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007); *Case v. Milewski,* 327 F.3d 564, 567 (7th Cir. 2003). Alevizos's access to Collins was not made possible because he was a prosecutor, it was made possible because he was the victim of a robbery. Alevizos was thus not acting under color of state law during the alleged attack.

Next, Collins contests the district court's dismissal of his claims against the three police officers, renewing his argument that the officers are liable for failing to protect him from Alevizos after his arrest. Although the state has no general duty to protect someone from harm, Collins invokes the exception that applies when the state has a special relationship with the person (e.g. custody) or when it places the person in danger. *Waubanascum v. Shawano County*, 416 F.3d 658, 665 (7th Cir. 2005). But to apply here, both exceptions would require that the officers had some advance knowledge that, during the identification procedure, Alevizos would likely attack and injure the handcuffed Collins. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). His complaint, however, makes no plausible assertion that the officers had advance warning of Alevizos's sudden violent assault on him.

Collins reasserts his second claim against the arresting officers, alleging that they covered up the poking by leaving it out of their police report, and that by so doing, they delayed with deliberate indifference medical attention to his injured eye. But Collins has not stated a claim for deliberate indifference against the arresting officers because they did not know he had a serious medical need for eye surgery. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Even if their awareness of the eye poke is deemed to be awareness of a serious eye condition, Collins himself knew all of the facts about the poke and the underlying glaucoma. By reporting those facts himself to the medical personnel, he could (and did) request and receive relief, even without a supporting police report. This obviates any constitutional injury from the omission. *See Cefalu v. Village of Elk Grove,* 211 F.3d 416, 423 (7th Cir. 2000); *Thompson v. Boggs*, 33 F.3d 847, 852 (7th Cir. 1994).

Collins next challenges the grant of summary judgment to Kozlowski, arguing that evidence shows she was indifferent to his eye injuries. Specifically, he reasserts that she violated jail rules by not fully assessing his medical condition within the first two weeks of his jail confinement, by failing to supply him with glaucoma medications, and by delaying his visit to an ophthalmologist. But ignoring internal jail procedures does not mean that a constitutional violation has occurred. *Langston v. Peters,* 100 F.3d 1235, 1238 (7th Cir. 1996). Here the evidence cannot support an inference that Kozlowski was deliberately indifferent

to any *known* serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *McGowan*, 612 F.3d at 640; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  The evidence shows that she promptly supplied Collins with the medicine (aspirin) that he requested from her.  Otherwise, Kozlowski was not aware of any serious medical need until after other personnel, who were aware of Collins's eye condition, completed his health assessment three weeks after intake, at which time his surgery was promptly scheduled.  Summary judgment for Kozlowski was properly granted.

Collins next argues that he has provided sufficient evidence to show that Captain Buell was deliberately indifferent to his medical needs.  But the undisputed evidence shows that the course of Collins's treatment was based on the recommendations of medical professionals, which Buell as a layperson could constitutionally rely upon.  Thus Buell did not violate the Eighth Amendment.  *See McGowan*, 612 F.3d at 641; *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005).

Finally, Collins argues that the district court abused its discretion by denying his motions for appointment of counsel.  He had asked the court to recruit counsel for him because of the asserted complexity of the litigation and the difficulty of obtaining discovery documents and testimony while incarcerated.  Our review of this decision is deferential; we ask only whether the district court's assessment was reasonable in light of the litigant's abilities and the difficulty of the case.  *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (*en banc*).  Collins faced the same difficulties as other plaintiffs in straightforward prison litigation, such as this.  He offers no reason that this case presented the "unique and difficult" circumstances that would make obligatory an attempt to recruit counsel.  *Santiago v. Walls*, 599 F.3d 749, 764-65 (7th Cir. 2010).  The district court did not abuse its discretion.

For these reasons, we AFFIRM the judgment of the district court.