# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2015

Lyle W. Cayce
Clerk

WILLIS FLOYD WILEY,

      Plaintiff - Appellant

v.

DR. BHUPATRAI G. VACHHANI,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3712

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      We have considered the briefs, the record on appeal, and all relevant law, and we conclude that the district court's judgment should be affirmed essentially for the reasons articulated in the district court's opinion of April 28, 2014. The appellant's arguments on appeal are without merit.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20337

First, the appellant argues that the district court erred in dismissing his case for failure to prosecute or for failing to comply with a court order or rule of civil procedure. But the district court did no such thing. The district court dismissed the case because the appellant did not assert a valid legal claim. The appellant's arguments in this regard appear irrelevant.

Second, the appellant argues that the appellee, a doctor, was a "state actor" who may be sued under 42 U.S.C. § 1983 because he worked under contract with the Social Security Administration. Section 1983 provides a right of action against persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any *State.*" (Emphasis added). The Social Security Administration, however, is a part of the *federal* government, not the state. There is no allegation in this case that the appellee acted under color of state law. The district court was correct to dismiss the § 1983 claim. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("[A]n action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law.").

Third, the appellant argues that he asserted a valid legal claim under title II of the Americans with Disabilities Act and the district court erred in dismissing it. Title II, however, addresses disability discrimination by *state* public entities. *See* 42 U.S.C. § 12131(1); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."). The appellant's grievances with the federal Social Security Administration and the doctor it hired do not fall under the statute. The district court was correct to dismiss the title II claim.

Fourth, the appellant challenges the district court's failure to grant his motion for summary judgment. Because the appellant did not assert any valid legal claim, he is not entitled to summary judgment.

The district court's judgment is AFFIRMED.

2