[Cite as *McQueen v. White*, 2015-Ohio-3982.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

John McQueen,                                  :

     Plaintiff-Appellant,                 :                   No. 15AP-18
                                                                (C.P.C. No. 14CV-6510)
v.                                             :

                                                                (ACCELERATED CALENDAR)
Mark A. White, M.D.,                           :

     Defendant-Appellee.                  :

---

D E C I S I O N

Rendered on September 29, 2015

---

*John McQueen*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1}   This is an appeal by plaintiff-appellant, John McQueen, from a judgment of the Franklin County Court of Common Pleas dismissing appellant's complaint for failure to state a claim for relief.

{¶ 2}   On June 23, 2014, appellant filed a pro se complaint against defendant-appellee, Mark A. White, M.D., in which appellant asserted a "civil rights action * * * for violations of his rights secured by state and federal Constitutions." In the complaint, appellant alleged he had made an office visit to appellee complaining of "serious back and other pain."   It was further alleged that appellee had prescribed pain medications for appellant, but that appellee had subsequently "refused to continue [prescribing] the medication, knowing that he had addicted [appellant] to this medication."   Appellant sought damages in the amount of $1 million, alleging appellee "knew or reasonably should

have known that his conduct against [appellant] was not consistent with his position as a doctor." Appellant attached several documents to his complaint labeled as exhibits.

{¶ 3} On September 4, 2014, appellant filed a "request for default judgment," asserting that appellee had not responded to his complaint. On September 8, 2014, appellant filed a "request for final judgment," in which he again argued appellee had refused to respond to the complaint.

{¶ 4} By journal entry filed September 22, 2014, the trial court denied appellant's motions for default and/or final judgment. The court, while giving recognition to appellant's allegation of a civil rights action, further noted that the complaint, "[c]haritably viewed," alleges "medical malpractice or negligence." As to the alleged medical claims, the court observed that appellant failed to attach, pursuant to Civ.R. 10(D)(2), an affidavit of merit from a physician attesting to the colorable validity of the claim. The trial court also noted it was "not clear from the docket that Dr. White was actually served with the Summons and Complaint." Finally, the court's entry provided in part: "**Within fourteen * * * days of this Entry,** plaintiff is ordered to *show cause* why this case should not be dismissed for failure to comply with Civ.R. 10(D)(2), or else plaintiff must file an appropriate Affidavit of Merit from a doctor that complies fully with Civil Rule 10(D)(2)." (Emphasis sic.)

{¶ 5} On October 7, 2014, appellant filed a memorandum in which he argued that an "affidavit of merit is not required when claims are based upon constitutional violations under * * * Section 1983." Also on that date, appellant filed a "response to show cause," in which he asserted that his insurance provider was "Buckeye Community Health Plan—a state based company," and that appellee became a state actor "pursuant to a contract with this state company."

{¶ 6} By decision and entry filed January 6, 2015, the trial court dismissed appellant's complaint for failure to state a claim for relief. In its decision, the court observed that the complaint "appears to make a 'medical claim' against * * * Mark A. White, M.D., although in the unnumbered first paragraph it says it is a 'civil rights action * * * for violations of his [plaintiff's] rights secured by state and federal Constitutions.' " Noting that a suit under 42 U.S.C. 1983 "requires state action as a predicate," the court found that, while appellant alleged [appellee] prescribed him two separate pain

medications for "serious back and other pain" which ultimately led to appellant's apparent addiction to pain pills, "no allegation in the complaint suggests that [appellant] was a state prisoner, or otherwise under the care, custody, or control of the state at the time of the events in question."

{¶ 7} The trial court also addressed an argument raised by appellant in his "response to show cause," holding in part:

> In his "Response to Show Cause" filed October 7, 2014 plaintiff contends that Dr. White is a state actor because his medical insurance provider, Buckeye Community Health Plan, is a state agency. * * * Plaintiff claims that having given him insurance, the state "has an obligation under The Eighth Amendment and state law to provide adequate medical care to those the state chooses to give medical cards. * * * Plaintiff claims, therefore, that a claim is available under 42 U.S.C. § 1983, and that such a claim is properly in front of this court without any Affidavit of Merit in compliance with Civ. R. 10(D)(2).
>
> Plaintiff is incorrect. There is no colorable substance to his § 1983 claim because of the lack of state action. Moreover, even if he had stated a colorable § 1983 civil rights claim, it is premised solely upon medical negligence. Where that is the operative focus of the case, the requirements of Ohio Rule of Civil Procedure 10 are triggered when a plaintiff sues in state court. * * * Plaintiff has not colorably satisfied his obligation to plead a malpractice case under Ohio Civ. R. 10(D)(2). Accordingly, this case is **DISMISSED.**

(Emphasis sic.)

{¶ 8} On appeal, appellant, pro se, sets forth the following assignment of error for this court's review:

> THE LOWER COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.

{¶ 9} Under his single assignment of error, appellant argues that the trial court erred in dismissing his 42 U.S.C. 1983 (hereafter "Section 1983") action against appellee. More specifically, appellant argues the trial court erred in failing to find appellee was a state actor acting under color of state law for purposes of Section 1983.

{¶ 10} This court reviews de novo a trial court's dismissal of a complaint for failure to state a claim upon which relief can be granted, as "it involves a purely legal issue." *Salata v. Vallas,* 159 Ohio App.3d 108, 2004-Ohio-6037, ¶ 15 (7th Dist.). In order for a court to dismiss a complaint for failure to state a cognizable claim, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief." *Id.* Further, "[i]n determining whether a complaint presents a claim for which relief may be granted, the court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party." *Id.* Under Ohio law, " '[s]ua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *Id.* at ¶ 14, quoting *State ex rel. Kreps v. Christiansen,* 88 Ohio St.3d 313, 316 (2000).

{¶ 11} In general, "Section 1983 provides a remedy to persons whose federal rights have been violated by governmental officials." *Mankins v. Paxton,* 142 Ohio App.3d 1, 9 (1oth Dist.2001). The elements of a claim under Section 1983 are that "the conduct in controversy must be committed by a person acting under color of state law, and the conduct must deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* at 10.

{¶ 12} In the present case, the trial court concluded that appellant's complaint did not state a claim under Section 1983 because the complaint failed to adequately allege requisite state action. Based upon this court's de novo review, we find no error with that determination. Appellant's complaint does not allege that appellee is an employee of the state or of a state agency, nor does the complaint allege that appellee was operating pursuant to a contractual agreement with the state or a state agency. Rather, the complaint simply alleges that appellant "went to the office of [appellee]" with complaints of "serious back and other pain," and that appellee treated him with pain medication. Such allegations "cannot constitute state action for purposes of Section 1983." *Koulkina v. City of New York,* 559 F.Supp.2d 300, 320 (2008) (noting that "[p]rivate physicians are generally not state actors," and holding that plaintiff was not a state actor where allegations in complaint described nothing more than medical treatment he received from private physician's examination). *See also Gladney v. McMonagle,* E.D.Pa. No. 87-4871

(May 18, 1988) ("A private physician exercising judgment does not do so as a state actor, but as a private individual.").

{¶ 13} In his pro se brief, appellant relies on the United States Supreme Court's decision in *West v. Atkins,* 487 U.S. 42 (1988), in which the Supreme Court held that a private physician, who contracted with a state prison to provide medical services on a part-time basis to inmates within the confines of a state prison, acted under color of state law within the meaning of Section 1983 when undertaking his duties to treat an inmate. Appellant's reliance on *West*, however, is misplaced. As noted by the trial court, appellant did not allege in his complaint that he "was a state prisoner, or otherwise under the care, custody, or control of the state at the time of the events in question," nor did the complaint allege that appellee was employed by a prison or under contract to provide medical treatment to inmates.

{¶ 14} The facts and holding in *West* are readily distinguishable from the facts alleged in the instant complaint, i.e., a private physician treating a patient in an office or hospital setting*. See, e.g.*, *Nunez v. Horn,* 72 F.Supp.2d 24, 27 (N.D.N.Y.1999) (finding *West* distinguishable where physician was "not employed by the Bureau of Prisons, nor was he under contract with the state to render medical services to prison inmates," and physician did not treat inmate in prison hospital but, rather, "freely performed his medical duties in a much more physician-controlled environment"). As noted by one federal court, "[t]he theory behind the Supreme Court's recognition of state action [in *West*] was that the state had delegated a function for which it could not disclaim responsibility." *Mitchell v. St. Elizabeth Hosp.*, 119 Fed.Appx. 1, 2 (7th Cir.2004). Further, "[t]he basis of the Court's holding was not that the physician had provided services, but rather that the state had 'an affirmative obligation to provide adequate medical care' to the petitioner." *Id.* at 2-3. Thus, because the state had an obligation to provide medical care to its inmates, the treatment provided by the physician in *West* was " 'clothed with the authority of state law.' " *West* at 55, quoting *United States v. Classic,* 313 U.S. 299, 326 (1941). The court in *West* also "specifically distinguished the custodial physician-patient relationship from the 'ordinary' physician-patient relationship." *Britt v. Buffalo Mun. Housing Auth.,* 827 F. Supp.2d 198, 206 (W.D.N.Y.2011), quoting *West* at 57, fn. 15.

{¶ 15} Appellant contends that the "fact he was not physically in custody," i.e., a prisoner, does not preclude his action under Section 1983. In support, appellant relies on *Sykes v. McPhillips,* 412 F.Supp.2d 197 (N.D.N.Y.2006), and *Styles v. McGinnis,* 28 Fed.Appx. 362 (6th Cir.2001) for the proposition that the holding in *West* has been extended outside the prison setting. Neither of the cases cited by appellant are authority for reversal of the trial court's dismissal in the instant case. In *Sykes,* the plaintiff filed a Section 1983 action against a defendant-physician, alleging constitutional violations arising from the delivery of emergency medical services at a private hospital during the plaintiff's son's incarceration. The plaintiff argued that the physician should be deemed a state actor because the physician's medical group contracted to provide emergency services to the hospital. The court in *Sykes* rejected this argument and found no state action. The court in *Sykes* relied in part on *Nunez* in holding that a physician "engaged in a single encounter with a prisoner presented for emergency treatment, which he was obligated under law to provide," would "not be deemed a state actor" for Section 1983 purposes. *Id.* at 204. Similarly, in the other decision cited by appellant, *Styles,* the Sixth Circuit Court of Appeals held that an emergency room physician who treated an inmate did not qualify as a state actor.

{¶ 16} Finally, appellant raises an argument in his pro se brief similar to one he made before the trial court in his "response to show cause." Specifically, appellant represented before the trial court that he obtained a medical card from the state due to his inability to pay for his own medical treatment. According to appellant, because the state provided him with a medical card, he is "no different than a prisoner who must [rely] upon the state to pay for his medical treatment," and that the provision of services by appellee implicates state action. While appellant's complaint contains no allegations with respect to receipt of a state medical card or his reliance on the state for medical benefits, such facts, standing alone, would not be sufficient to state a claim under Section 1983. In fact, the court in *West* acknowledged "the fact that * * * private entities received state funding and were subject to state regulation did not, without more, convert their conduct into state action." *West* at 57, fn. 10. *See also Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside*, D.C.Minn. No. 09-293 (July 14, 2010) ("extensive regulation and receipt of

government funds does not convert a private medical provider, who provides medical services that a state would not normally provide, into a state actor").

{¶ 17} Here, based upon this court's de novo review, the trial court properly determined the complaint failed to state a claim for relief under Section 1983. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____