NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 8, 2022
Decided February 17, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2222

|  |  |
|---|---|
| THE DRAGONWOOD CONSERVATORY, PLEGUAR CORP. and TERRY CULLEN, <br>     *Plaintiffs-Appellants,* <br><br> *v.* <br><br> PAUL FELICIAN and PHILLIP SIMMERT, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 2:16-cv-00534 <br><br> Nancy Joseph, <br> *Magistrate Judge.* |

**O R D E R**

Terry Cullen operated the Dragonwood Conservancy, a purported refuge for exotic and endangered reptiles, out of several properties in Milwaukee. When the police searched two of those properties pursuant to warrants, they found and removed more than 200 lizards, alligators, and snakes, determining that the squalid conditions in which the animals were confined reflected unlawful neglect under Wisconsin law. Cullen and Dragonwood later brought suit in federal court alleging that two Milwaukee police officers violated the Fourth and Fifth Amendments to the U.S. Constitution by conducting the searches in an unreasonable manner and later refusing to return the

animals. The district court entered summary judgment for the defendant officers on the property deprivation claim, but permitted the unreasonable search claim to proceed to trial, with the jury returning a defense verdict. Cullen and Dragonwood now appeal, advancing scattershot challenges to the jury's verdict, two pretrial rulings, and the district court's rejection at summary judgment of the property deprivation claim. We affirm across the board.

**I**

While Cullen and Dragonwood have spilled considerable ink in their appellate briefs, only a brief description of the pertinent facts is necessary. Suffice it to say that in 2010, the Milwaukee police found a mess on their hands.

Sometime in May 2010, a witness informed authorities that Cullen unlawfully possessed an endangered Chinese alligator. Lieutenant Paul Felician and Detective Phil Simmert successfully applied for search warrants for endangered animals housed at Cullen's properties. But while the court issued those warrants without much fuss, the officers' efforts to execute them was another story altogether.

Lieutenant Felician described one of the properties as "a house of horrors." Live alligators roamed freely and horse troughs containing rusting reptiles and snakes filled the homes with the stench of decay. Many of the animals were alive, but others were dead or dying. Realizing the task at hand was much more complex than the average warrant execution, officers recruited a team of animal experts from the Racine County Zoo, Milwaukee County Zoo, Milwaukee County Museum, Wisconsin Department of Natural Resources, and Milwaukee Area Domestic Animal Control Commission. Led by Lieutenant Felician and Detective Simmert, the team seized hundreds of animals from the properties, concluding that they were all subject to unlawful neglect.

Those facts bring us to this case. Years after the seizure, Cullen and Dragonwood filed this 42 U.S.C. § 1983 suit against Lieutenant Felician and Detective Simmert, alleging that they executed the warrant unreasonably in violation of the Fourth Amendment and that the failure to return the seized animals constituted a violation of the Fifth Amendment's Due Process Clause. Through a combination of summary judgment and a jury trial, the officers prevailed on each claim.

Cullen and Dragonwood now appeal.

**II**

**A**

We begin with Cullen's and Dragonwood's Fourth Amendment claim. At trial, they filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The district court denied the motion, and the jury returned a verdict for Lieutenant Felician and Detective Simmert. Cullen and Dragonwood then sought a new trial under Rule 59 and renewed the Rule 50 motion. The district court denied these motions.

On appeal Cullen and Dragonwood challenge the denial of the motion for judgment as a matter of law. But so long as the evidence "is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed," we must respect the jury's verdict. *Campbell v. Miller*, 499 F.3d 711, 716 (7th Cir. 2007) (quoting *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 207 F.3d 938, 941 (7th Cir. 2000)).

Cullen and Dragonwood offer little to support overturning the jury verdict. Indeed, they proceed on appeal as if the trial never occurred. They claim that Lieutenant Felician and Detective Simmert acted unreasonably, and therefore unconstitutionally, in seizing all of the animals on the properties, rather than only the endangered animals as permitted under the search warrants. They also seem to suggest that more care should have been taken to sort and distinguish the healthy from the unhealthy or neglected animals. But the jury was entitled to credit the plain evidence showing that the officers acted reasonably in determining that the intolerable living conditions revealed exigent and extreme circumstances warranting a wholesale seizure. See *Gaetjens v. City of Loves Park*, 4 F.4th 487, 494 (7th Cir. 2021) (affirming summary judgment for defendant officers who performed the warrantless seizure of dozens of neglected cats living in filthy conditions).

The evidence at trial supporting the jury's determination was plentiful, and we see nothing to suggest that the district court incorrectly denied Cullen's and Dragonwood's renewed motion for judgment as a matter of law. By any measure, the officers responsible for executing the search warrant, including Lieutenant Felician and Detective Simmert, faced a highly unusual, troubling, and dangerous situation. The jury stood on solid ground concluding that both officers acted with reasonable caution and well within constitutional limits in seizing every animal, so we affirm judgment for the defendants.

To the extent Cullen and Dragonwood invoke the Fourth Amendment to raise a permanent deprivation claim as to the seized animals, that argument is also unavailing. Our caselaw precludes that position. See *Lee v. City of Chicago*, 330 F.3d 456, 461–66 (7th Cir. 2003) (holding that "[o]nce an individual has been meaningfully dispossessed, the seizure of the property is complete" and that the individual may not invoke the Fourth Amendment to regain the property). And so we affirm judgment for the defendants there too.

B

Cullen and Dragonwood fare no better in challenging the district court's entry of summary judgment against them on their due process claim. Invoking the Fifth Amendment, they allege that the defendants unconstitutionally terminated their ownership rights to the animals without procedural protections. The district court resolved the claim in the officers' favor at summary judgment, reasoning not only that the presence of a valid search warrant precluded a predeprivation due process claim, but also that the postdeprivation claim failed based on the fact that it was the state court, and not the defendant officers, that ultimately terminated the plaintiffs' property interest in the animals.

Cullen and Dragonwood do very little on appeal to join issue with the district court's ruling against them. As to the predeprivation protections, we have explained that "a seizure that passes muster under the Fourth Amendment should also satisfy the requirements of the due process clause." *Case v. Milewski*, 327 F.3d 564, 568 (7th Cir. 2003) (quoting *McKinney v. George*, 726 F.2d 1183, 1187 (7th Cir. 1984)). Because the seizure of the animals respected the Fourth Amendment, Cullen and Dragonwood identify no authority showing they failed to receive any constitutionally mandated predeprivation process.

We also see nothing constitutionally suspect as to the postdeprivation proceedings offered to Cullen and Dragonwood. Wisconsin law allows an animal owner to petition for a hearing as to any seized animals within seven days of the seizure. See Wis. Stat. §§ 173.19(2), 173.22(2). Dragonwood and Cullen present no challenges as to the facial constitutionality of those Wisconsin processes, nor do they dispute that Cullen filed a petition for return of his animals more than 60 days after the seizure—long after the statutorily prescribed seven-day window for reclaiming the animals had passed.

In the end, we are left to conclude that both the pre and postdeprivation protections surrounding the animal seizure were sufficient, and we have no trouble affirming the district court's ruling of summary judgment.

C

Finally, we see no abuse of discretion by the district court in the two pretrial evidentiary rulings Cullen and Dragonwood challenge on appeal. *First*, the district court reasonably determined that any proposed evidence showing that the police shot and killed two dogs belonging to Cullen's girlfriend while executing the warrant was overly prejudicial and unrelated to the issues in the case. See Fed. R. Evid. 403. Excluding that evidence reflected no abuse of discretion, as the claims before the jury related only to the unreasonable seizure of the reptiles. See *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004) (explaining that a court does not abuse its discretion when it excludes evidence that "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case"). The district court precluded the evidence of the dogs being shot to prevent jury distraction. That judgment call was plenty reasonable.

*Second*, we similarly cannot call the exclusion of John Larson's proposed expert testimony an abuse of discretion. Mr. Larson, a former police officer who helped develop search and seizure guidelines used by law enforcement agencies nationwide, would have testified that executing the search warrants at Cullen's homes was unreasonable and divergent from common law enforcement practices. The district court concluded that this evidence presented too large of a risk of undue influence and that Mr. Larson's testimony—untailored as it was to searches for or seizures of exotic animals—would not help the jury in any meaningful way. Because a "reasonable person could take the judge's view of the matter," we conclude there was no abuse of discretion. *United States v. Brown*, 871 F.3d 532, 536 (7th Cir. 2017).

For these reasons, we AFFIRM.